MANUEL PINA *vs.* CONTINENTAL CASUALTY COMPANY.

SUSIE A. PINA *vs.* SAME.

JUNE 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. These are actions on the case on the common counts to recover all premiums paid by the plaintiffs, husband and wife, on two policies of health and accident insurance issued by the defendant. The cases were tried together by a justice of the Superior Court without a jury. The decision in each case was for the defendant. . The cases are here on plaintiffs' bills of exceptions; the only exception in each case is to the decision of the trial justice.

The policies were issued October 22, 1926, the monthly premiums on one was $3.35, on the other $1.70. Each policy contains a provision that the failure to pay any premium shall forfeit to the company all right to any indemnity.

Susie Pina paid the premiums for herself and her husband regularly until May, 1930, to William J. Nagle, State agent of the defendant. September 4, 1929, defendant paid $11.66 to Manuel Pina for disability due to illness and made another payment of $10 to him March 21, 1930, for the same reason. After the last payment was made, the company discovered, through information given to it by the Underwriter's Bureau, that Manuel Pina had presented a claim for disability to the Peerless Casualty Company. On investigation, defendant found that Manuel, sometime after taking out a policy with it, had secretly taken out another health policy with the Peerless Casualty Co. for $60 a month which, with the $50 a month in defendant company, gave him a total monthly insurance of $110. His regular wages were $77.50 a month. May 5, 1930, when Mrs. Pina offered to pay the premiums for herself and her husband, Nagle told her he had discovered the facts and that her husband was over insured; he offered to make a new agreement with her husband if he would reduce the amount of his insurance to comply with defendant's rules. Mrs. Pina refused the offer, and she says that Nagle then refused to accept the premium on either policy. Nagle testified that he refused to accept the premium on her husband's policy because of the breach of the contract and that Mrs. Pina thereupon refused to pay either premium.

The trial justice found that plaintiffs had refused and failed to pay the required premiums and that Manuel Pina had also breached his contract by taking out other insurance without the knowledge and consent of the defendant. These findings of fact by the trial justice are supported by the evidence and will not be disturbed by this court in the absence of proof that they are clearly erroneous.

A provision in a policy of accident and health insurance that the failure to pay the premiums when due shall avoid the policy is valid and is a self executing provision. It is a common provision in such policies which is fair and readily understood; by the agreement of the parties, it is made the

basis and a condition precedent to the continuance of the liability of the insurer and it must be complied with in good faith by the insured. 5 Couch Cyc. of Insurance Law, 3647; *Northern Assurance Co.* v. *Grand View Bldg. Assoc.*, 183 U. S. 308; *Rocci* v. *Mass. Accident Co.*, 222 Mass. 336. By the terms of each policy, the application therefor and the statements and agreements contained therein were made a part of the contract of insurance. A copy of each application was included in each policy. Statements made in the application for insurance as of the applicant's own knowledge upon which the contract of insurance is based are warranties. *Wells* v. *Great Eastern Casualty Co.*, 40 R. I. 222, and any agreement therein is binding when the policy is issued and delivered.

In the application for each policy, Section 7 is as follows: "except as herein stated, I have no other accident or health insurance in this or any other company and if I apply for any more of either I will notify the company at once . . . no exceptions."

The provision with respect to existing insurance or the securing of additional insurance is reasonable and valid and must be complied with by the insured. It has a direct relation to the obligation of the insurer both as to the amount of the insurance and of the premium. 2 May on Insurance, 3 ed., § 364. It is obvious that in the case at bar the additional insurance secured by Manuel increased the risk for the defendant, as the insured was thereby financially benefited by any disability. The failure of the insured to notify the insurer of the application for and the securing of such insurance was a breach of the contract with the defendant which justified the latter in terminating the contract and refusing to accept any more premiums after it learned the facts.

In the case of Susie Pina the policy was avoided by her failure to pay the premium. In that of Manuel Pina the policy was avoided by his breach of the contract in securing additional insurance without the consent of the insurer.

The exception of each plaintiff is overruled; each case is remitted to the Superior Court for entry of judgment for the defendant.

*Joseph G. LeCount,* for plaintiff.

*Boss, Shepard & McMahon, Henry M. Boss, Jr., Francis W. Conlan,* for defendant.